UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE G. HARRIS, a/k/a,
GEORGE G. HARRIS' WILDLIFE COLLECTION,

    *Plaintiff,*

    v.

CONNECTICUT SHOTGUN MANUFACTURING
COMPANY,

    *Defendant.*

Civil Action No.
3:16cv548

## COMPLAINT & JURY DEMAND

Plaintiff, **George G. Harris, a/k/a, George G. Harris' Wildlife Collection** ("Plaintiff" or "Harris"), by and through his attorneys, Spears Manning LLC and Barclay Damon LLP, as and for his Complaint against Defendant, **Connecticut Shotgun Manufacturing Company** ("CSMC" or "Defendant"), allege and set forth as follows:

### INTRODUCTION

1. This action is for willful and non-willful copyright infringement, unfair competition, fraud/misrepresentation, direct copying of molds and casts, and for violations of the Digital Millennium Copyright Act ("DMCA") and the Lanham Trademark Act, and is brought pursuant to Federal statutes, namely the Copyright Act of 1976, 17 U.S.C. § 2101 *et seq.* and § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), under several state statutes, namely § 368-d of the New York General Business Law, § 17300 of the California Business and Professions Code, §§ 445,621-445,624 of the Michigan Compiled Laws Annotated, and § 47-15-115 of the Tennessee Code Annotated, and under the Common Law.

2. Plaintiff asserts these claims as a result of Defendant's use, copying and sale, without permission, of Plaintiff's original works of authorship embodied in wildlife artwork.

1

Plaintiff seeks the full extent of relief available to him under the aforementioned acts, statutes and laws, including a preliminary and permanent injunction against Defendant's continued acts, and an Order directing the surrender of all infringing products for destruction, actual damages, including lost profits, statutory damages, the costs of this action including reasonable attorneys' fees, and for such other and further relief this Court deems just, proper, and equitable.

## PARTIES

3. Plaintiff, George G. Harris, a/k/a George G. Harris' Wildlife Collection, is a New Jersey resident with a mailing address of P.O. Box 748, Englishtown, New Jersey.

4. Defendant, Connecticut Shotgun Manufacturing Company, upon information and belief, is a Connecticut corporation with its principal place of business located at 100 Burritt Street, New Britain, Connecticut 06050, and does business throughout the United States.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over the claim set forth in this Complaint pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1400(a). Plaintiff has made application, sent deposits and registered with the United States Copyright Office, among other, the works listed in Exhibit "A", a copy of which is annexed hereto, and which were issued Copyright Certificates by the United States Copyright Office.

6. Venue in this action lies within this Court pursuant to 28 U.S.C. §§ 1391 and 1400 as it is the residence of Defendant, and as the judicial district within which parts of the events, acts or omissions giving rise to the claim occurred, including, but not limited to, acts of infringement, and in which Defendant is subject to personal jurisdiction.

7. This Court has personal jurisdiction over Defendant pursuant to Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure based, *inter alia*, upon the fact that Defendant may be found within this judicial district.

## BACKGROUND

8. Plaintiff is engaged in the sculpting, design, manufacture, marketing and sale of original ornamental copyrighted works embodied in wearable art and jewelry designs, which include his singular and distinctive expression of wearable art from his Sportsmen's Wildlife Collection, namely his copyrighted works depicting various forms of wildlife and animals, among other things ("Works").

9. Plaintiff's Works were and are at all relevant times hereinafter mentioned, sold in several states throughout the United States including but not limited to the State of Connecticut.

10. Plaintiff's Works, including the thirty-four copyrighted products that are the subject of this action (the "Infringed Works") are developed through the meticulous sculpting, molding and casting in various media, including pewter, which express his individualized sportsman's and animal motifs and wildlife images embodied in his original sculptures, and whereby a mold is created and the end product is a cast which replicates the original in every detail and is sold as wearable art.

11. Details of Plaintiff's Works include, but are not limited to, the unique expression, selection and arrangement of the subject matter of the Works onto jewelry pieces.

12. Plaintiff's Works are individual expressions of the wildlife and animals depicted therein, and include the originally designed, hand-sculpted, molded and cast wildlife art, and convey a unique and independent expression of the Work.

13.     Plaintiff is, in whole or in part, the author, owner, and/or creator of the various Works hereinbefore mentioned, claims ownership to copyright rights in his various Works, is entitled to all of the exclusive rights that inure to the benefit of a copyright holder pursuant to the United States Copyright Act (the "Act"), including the rights bestowed by section 106 of the Act, and has taken appropriate measures to protect his copyrights and place the public on notice thereof.

14.     All of Plaintiff's Works were and are sold with statutory copyright notices, and copyright registrations have been obtained for those Works, including the Infringed Works. Proof of registration of the Infringed Works is set forth in **Exhibit A**.

15.     Plaintiff's Works are and were, at all times hereinbefore mentioned, marketed, advertised and sold primarily through exhibitions, shows, trade shows, the internet, through distributors and in catalogs, by Plaintiff, his agents, representatives or assigns.

16.     Over the years, up to and including 2016, Plaintiff has marketed, advertised and sold his Works through various means noted above, including exhibitions, trade shows, and mail orders from catalogs, to locations, including, but not limited to, the State of Connecticut.

## COMPLAINT

17.     Upon information and belief, Defendant together and/or independently operates a business which markets, advertises and offers for sale, among other things, duplicates of Plaintiff's Infringed Works, depicting various forms of animals and wildlife, among other things, throughout the United States, including but not limited to the State of Connecticut.

18.     Upon information and belief, since at least 2012, Defendant has been marketing, advertising and selling copies of Plaintiff's Infringed Works, and unauthorized derivative works thereof, in violation of Section 106 of the Act, without permission, falsely designating the origin of same.

19. By way of example only, the following photograph shows the front and back of a Harris Infringed Work on the left and the CSMC Infringing Product on the right:



Harris #P308G Gold Plated Flying Turkey Pendant (left)    CSMC #Z0505 (right) Note: © 2012 on back

20. Upon information and belief, since before it began unlawfully copying the Infringed Works, Defendant had express knowledge of Plaintiff's copyrights in the Works, including the Infringed Works listed in Exhibit A.

21. Upon information and belief, Defendant has marketed, advertised and offered for sale, and has sold, illegal copies of the Infringed Works (hereinafter the "CSMC Infringing Products"), despite being on notice of Plaintiff's copyrights.

22. Upon information and belief, Defendant is *not* an innocent infringer, and cannot avail itself of the limitation of damages provision of the Act.

23. Plaintiff first learned of the unlawful actions and infringing designs of Defendant in or around December 2015.

## COUNT ONE
### (NON-WILLFUL COPYRIGHT INFRINGEMENT)

24. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

25. Plaintiff, who is a citizen of the United States, created, hand-sculpted, molded, and cast, and otherwise reduced to a tangible medium, original works of art and authorship, which depict various forms of wildlife and animals, and which are marketed, advertised and offered for sale at shows, on the internet, and through his catalogs, among other ways.

26. The aforementioned Works were originally authored by Plaintiff, his agents or assigns, and consist of copyrightable subject matter under the laws of the United States as is evidenced by the Certificates of Copyright issued for said Works.

27. At all times hereinbefore mentioned, Plaintiff, in whole or in part, has complied with the Copyright Act and all other laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights of said molded and cast Works, and has received from the Registrar of Copyrights, Certificates of Registration for said Works.

28. At various times, but in any event since 2012, the Works have been published by Plaintiff and all copies of them made by Plaintiff or under authority or license, have been published in strict conformity with the provisions of the Act, and all other laws governing copyright.

29. At various times, but in any event since at least 2012, Plaintiff has been and still is the owner of all rights, title and interest in and to the copyrights of said Works.

30. Defendant has infringed Plaintiff's copyrights by marketing, advertising and placing upon the market various molded and cast ornamental pieces, including pins and pendants, which were, upon information and belief, copied directly from Plaintiff's Infringed Works.

31. The design, production, marketing, advertising, display and/or sale by Defendant of copies of at least the Infringed Works constitute infringement of the Infringed Works, and through their marketing, advertising, and sales activities, have caused harm and injury to Plaintiff, and constitute violations of Plaintiff's exclusive rights as copyright owner, under Section 106 of the Act, among others, and thus constitute copyright infringement.

32. Plaintiff alleges that Defendant's infringements were negligent and/or reckless, and that Defendant profited from its use of at least Plaintiff's Infringed Works, without permission.

33. Defendant has directly copied at least Plaintiff's Infringed Works, or in the alternative, had access to Plaintiff's Works, including the Infringed Works, and the copies are not only substantially similar, but are strikingly similar and nearly identical.

34. Plaintiff is therefore entitled to the relief available under the Copyright Act for non-willful copyright infringement, including, but not limited to, actual and/or statutory damages up to $30,000 per violation, the costs of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT TWO
## (WILLFUL COPYRIGHT INFRINGEMENT)

35. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

36. Plaintiff alleges that Defendant's infringements were knowing and/or willful, and/or represent a calculated attempt to profit from Plaintiff's copyrighted Works, including the

Infringed Works, without permission, in that Defendant has continued to infringe upon Plaintiff's copyrights, despite being on notice of the copyrights.

37. Defendant has directly copied at least Plaintiff's Infringed Works, or in the alternative, had access to Plaintiff's Works, including the Infringed Works, and the copies are not only substantially similar, but are strikingly similar and nearly identical.

38. Plaintiff is therefore entitled to the relief available under the Copyright Act for willful copyright infringement, including, but not limited to, actual and/or statutory damages up to $150,000 per violation, the costs of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT THREE
## (LANHAM ACT VIOLATION)

39. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. At all times herein mentioned, Defendant was and still is engaged in, among other things, direct competition with Plaintiff in the marketing, advertising, manufacture, distribution, and sale of, among other things, ornamental jewelry, including pins and pendants, depicting various forms of animals and wildlife.

41. At various times as hereinbefore mentioned, Plaintiff is the owner of, and thus has the right to manufacture, distribute, and offer for sale, his original sculpted, molded and cast expressions as embodied in the Works.

42. In doing such, Plaintiff's Works, including the Infringed Works, have achieved great popularity amongst wildlife and animal enthusiasts, collectors and others throughout the United States, a large component of whom are concerned with the aesthetic appearance and quality of the items purchased.

43. By reason of the tremendous efforts on the part of Plaintiff, in advertising, promoting, and achieving unique and artful expressing in the Works, Plaintiff has become recognized amongst both the general population and the population of wildlife and animal enthusiasts and collectors, as a distinctive artist of singular craftsmanship and individual designs.

44. Plaintiff's unique designs constitute non-functional and protectable trade dress pursuant to the Lanham Act.

45. Upon information and belief and at a time and place unknown to Plaintiff, Defendant caused copies of at least Plaintiff's Infringed Works to be marketed, advertised and widely sold, falsely representing them to be original to Defendant, in the State of Connecticut and elsewhere.

46. Defendant's advertising, marketing and sale of the copies, is injurious to Plaintiff and constitutes an appropriation by Defendant of Plaintiff's exclusive rights to manufacture, sell, distribute and otherwise exploit his own original Works, including the Infringed Works, a business asset which Plaintiff created and which was greatly enhanced by Plaintiff's investment of considerable creativity and skill, time and money.

47. Defendant's acts constitute unfair competition with Plaintiff, infringement and misappropriation, in that Defendant's acts are unauthorized and constitute an unlawful appropriation of Plaintiff's intellectual property rights.

48. Similarly, Defendant's acts constitute unfair competition with Plaintiff, in that the advertising, marketing and sale of the copies by Defendant falsely designates their origin and originality and deprives Plaintiff of revenues to which he is entitled on the sale of his specially designed cast pieces.

49.     Defendant's acts constitute false advertising, false designation of origin, unfair competition, the false attribution of authorship, deceptive practices, infringement, and the misappropriation of the efforts of others, namely Plaintiff.

50.     Unless Defendant is enjoined and restrained from manufacturing and selling copies of Plaintiff's Works, Plaintiff will be irreparably injured and damaged.

51.     Plaintiff has no adequate remedy at law.

52.     In the alternative, Plaintiff is entitled to enhanced and treble damages, costs and attorneys' fees, as the acts of Defendant constitute extraordinary circumstances and an exceptional case.

## COUNT FOUR
## (FRAUD/MISREPRESENTATION)

53.     Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

54.     Defendant knew or should have known based upon the circumstances that the Infringed Works were solely the property of Plaintiff, and that it had no right to create the CSMC Infringing Products, which were created from Plaintiff's molds.

55.     Despite such knowledge, Defendant fraudulently advertised and represented that it was the original author of the CSMC Infringing Products.

56.     The CSMC Infringing Products are near-exact replicas of Plaintiff's Infringed Works.

57.     As a result of said misrepresentations, Plaintiff has been irreparably damaged.

## COUNT FIVE
## (DIRECT MOLDING)

58.     Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

59. Defendant, without permission of Plaintiff, has created exact copies of at least the Infringed Works by directly molding and casting the Infringed Works and thereby infringed on Plaintiff's exclusive right to make copies of his own individual Works.

60. Said activity of Defendant is directly proscribed by various state "direct molding" statutes, as previously set forth.

61. As a result of said activity, Plaintiff has been irreparably damaged.

## COUNT SIX
## (DIGITAL MILLENNIUM COPYRIGHT ACT)

62. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

63. 17 U.S.C. § 1202 (c)(1) defines copyright management information ("CMI") to include "the information set forth on a notice of copyright."

64. 17 U.S.C. § 1202 (b) prohibits any person without the authority of the copyright holder from intentionally removing CMI, or distributing products knowing that CMI has been removed, having reasonable grounds to believe that the removal will induce infringement.

65. Defendant knowingly violated this statute when it intentionally removed Plaintiff's copyright notice from at least the Infringed Works and/or distributed copied products knowing that Plaintiff's CMI had been removed without Plaintiff's authority, and thereafter offered for sale on its website the CSMC Infringing Products.

66. When Defendant intentionally removed Plaintiff's CMI Defendant had reasonable grounds to believe that the removal would induce and enable infringement.

67. Defendant's conduct has been willful and intentionally done with full knowledge of Plaintiff's copyright ownership and in conscious disregard of his rights.

68. Defendant's violations of 17 U.S.C. § 1202 (b) have caused, and unless restrained, will continue to cause irreparable harm to Plaintiff.

69. Pursuant to 17 U.S.C. § 1203 (b)(1), Plaintiff is entitled to a permanent injunction barring Defendant from further DMCA violations.

### COUNT SEVEN
### (ACCOUNTING)

70. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. As a consequence of Defendant's infringement, unfair competition and other unlawful acts, Plaintiff is entitled to an accounting from Defendant for all gains, profits and advantages derived by Defendant from its publication, distribution and sale of the infringing pieces, and upon such an accounting, that Defendant pay over to Plaintiff actual and/or statutory damages and/or all such sums derived by way of profits from the publication, distribution, sale and other disposal of such infringing material.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) Enjoining Defendant, its agents, representatives, and all persons acting under it, during the pendency of this action and thereafter permanently, from non-willful infringements of Plaintiff's copyrights in any manner and from advertising, publishing, licensing, distributing, selling, marketing, or otherwise disposing of any copies of said cast pieces containing the infringing original Works of art of Plaintiff,

and for actual, statutory damages of up to $30,000 per work/violation, and/or compensatory damages;

(b) Enjoining Defendant, its agents, representatives, and all persons acting under it, during the pendency of this action and thereafter permanently, from willful infringements of Plaintiff's copyrights in any manner and from advertising, publishing, licensing, distributing, selling, marketing, or otherwise disposing of any copies of said cast pieces containing the infringing original Works of art of Plaintiff, and for actual, statutory damages of up to $150,000 per work/violation, and/or compensatory damages;

(c) Enjoining Defendant, its agents, representatives, and all persons acting under it, during the pendency of this action and thereafter permanently, from unlawfully offering for sale copies of Plaintiff's Works, to deliver up all copies currently in Defendant's possession to be impounded during the pendency of this action, which are all in the possession and under the control of the Defendant and to deliver up for destruction any molds, casts, or other materials used in the making and publication of such unlawful materials and for actual, statutory and/or compensatory damages;

(d) An injunction issued preliminarily to a final hearing and permanently thereafter restraining Defendant, its agents, servants, employees, and representatives, and all persons acting in privacy or in concert with it from:

   1. Manufacturing, selling, advertising, or distributing any copies of Defendant's unlawful Works;

   2. In any manner, shape, or form using the molds produced for the manufacture of the unlawful Works or any part of it in connection with the manufacture, sale, advertising, or distribution of any other of Defendant's works;

   3. Engaging in any acts or making any representation which have the effect of leading the public to believe that the Works sold, manufactured, distributed, or advertised by Defendant are in any manner, shape, or form connected or related to Defendant.

(e) An order directing Defendant to recall from the possession of any dealers, wholesalers, jobbers and all others all copies of said Works, and directing that they be delivered to Plaintiff for destruction;

(f) An order directing Defendant to turn over all molds or other masters used in the manufacture of said unlawful Works to Plaintiff for destruction;

(g) That pursuant to Section 1203(c)(3) of the DMCA, Defendant pay Plaintiff his actual damages resulting from Defendant's DMCA violation together with the profits it earned not already taken into account, or in the alternative; that pursuant to Section 1203(c)(3) of the DMCA, Defendant pay statutory damages in the sum of not less than $25,000 for their DMCA violation that Defendant willfully

committed, together with Plaintiff's attorneys' fees pursuant to Section 1203(b)(5) of the DMCA;

(h) That Defendant pay general damages to Plaintiff in an amount to be assessed by the Court by reason of Defendant's fraud/misrepresentation, and that Defendant pay to Plaintiff punitive damages, all costs and expenses of this action, including reasonable attorneys' fees to be assessed by the Court;

(i) An accounting of the profits derived by Defendant from the advertising, publication, license, distribution, display, or other disposal of Defendant's unlawful works, and upon such account that Defendant pay to Plaintiff:

    1. Damages provided by statute for Defendant's statutory copyright infringement;

    2. Damages provided by any other statutes for Defendant's unlawful conduct; and

    3. All monies determined to be profits generated or arising from such unlawful materials

(j) After a final hearing, damages be awarded to Plaintiff against Defendant in such an amount as found proper and deemed due and owing from Defendant to Plaintiff;

(k) After a final hearing, Defendant be required to account to Plaintiff for any profits derived by Defendant from the acts complained of by Plaintiff in this Complaint;

(l) An order awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

(m) For such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

Date:  April 7, 2016                                    **SPEARS MANNING, LLC**


By:  /s/ Brian E. Spears
Brian E. Spears (ct14240)
Office and Post Office Address
2425 Post Road, Suite 203
Southport, CT  06890
Telephone:   (203) 292-9766
Facsimile:    (203) 292-9682
bspears@spearsmanning.com

- and -

**BARCLAY DAMON LLP**
Michael A. Oropallo
Jason C. Halpin
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202
Telephone:   (315) 425-2831
Facsimile:    (315) 703-7367
moropallo@barclaydamon.com

Attorneys for George G. Harris, a/k/a,
George G. Harris' Wildlife Collection