UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE G. HARRIS, a/k/a, <br> GEORGE G. HARRIS' WILDLIFE COLLECTION, <br><br> *Plaintiff,* <br><br> v. <br><br> CONNECTICUT SHOTGUN MANUFACTURING COMPANY, <br><br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Case No. 3:16-cv-00548-SRU <br><br><br><br> July 5, 2016 |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**          April 7, 2016

**Date Complaint Served:**      April 8, 2016

**Date of Defendant's Appearance**:   June 14, 2016

**Rule 26(f) Conference:**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 22, 2016. The participants were:

1. Michael A. Oropallo and M. Eric Galvez for Plaintiff (George G. Harris, a/k/a George G. Harris' Wildlife Collection ("Harris"))

2. Gary Sorden and Jay Wolman for Defendant (Connecticut Shotgun Manufacturing Company ("CSMC"))

### I.      Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their

clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

A. Subject Matter Jurisdiction

This court has subject matter jurisdiction over the claim set forth in this Complaint pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1400(a).

B. Personal Jurisdiction

This Court has personal jurisdiction over Defendant pursuant to Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure based, inter alia, upon the fact that Defendant may be found within this judicial district.

## III. Brief Description of Case

A. Claims of Plaintiff

1. This case involves the copyrighted works of Harris and the works that CSMC is alleged to have copied.

2. Beginning in 1997, and continuing thereafter until 2012, CSMC purchased pins, pendants, and other items from Plaintiff for resale through its sales catalog and the company's website.  All of Plaintiff's items sold to Defendant contained a copyright notice.  Defendant was at all times aware that Plaintiff's Works were copyrighted.

3. Side-by-side comparisons show the substantial similarity between at least thirty-four original works created and copyrighted by Plaintiff (the "Infringed Works") and at least thirty-four of those works used by CSMC to make sixty

different pins, pendants, and tie tacks in various materials (the "CSMC Infringing Products").

4. Aside from superficial changes, such as the material used or the level of texture, the CSMC Infringing Products are near replicas of the Infringed Works. By way of just one example, the following photograph shows the front and back of a Harris Infringed Work (left) and the virtually identical CSMC Infringing Product (right).



Harris #P308G Gold Plated Flying Turkey Pendant (left)   CSMC #Z0505 (right) Note: © 2012 on back

5. This photograph highlights the virtual copying by CSMC of Plaintiff's Infringed Works, even going so far as to add a copyright symbol, ©, and the year "2012" on the back of the CSMC Infringing Product.

3

6. In light of the above facts, the claims of the Plaintiff include non-willful copyright infringement, willful copyright infringement, Lanham Act violations, fraud/misrepresentation, and Digital Millennium Copyright Act violations.

B. Claims of Defendant

1. Defendant denies all of Plaintiffs allegations pertaining to alleged liability and damages.

2. Defendant alleges that all or part of Plaintiffs' alleged copyrighted works lack originality or include features, which are not protectable via copyright protection. Defendant denies that the allegedly infringing products infringe Plaintiffs' copyrighted works.

3. Defendant raises the following defenses: failure to state a claim, de minimus use, fair use, innocent intent, invalidity/unenforceability, copyright misuse, lack of volitional act, unconstitutionally excessive damages, failure to mitigate, statute of limitations, laches, estoppel, unclean hands, and waiver.

4. The Defendant also counterclaims for a declaratory judgment of non-infringement, declaratory judgment of fair use, declaratory judgment of invalid copyrights.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. As an initial matter, Defendant consented to the entry of a Preliminary Injunction in this case.

## V. Case Management Plan

A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases:

1. 2(b) – Deadline for motions relating to joinder shall be modified as per this agreement.

2. 2(d) – Discovery demands will be allowed to be served as permitted by the amended Fed. R. Civ. P. 34 and Fed. R. Civ. P. 26(d)(2)

3. 2(e) – Deadline for motions for summary judgment shall be modified as per this agreement.

    B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). However, (see below) the parties request an early settlement conference.

    C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is likely at this time and may be enhanced by use of the following procedure: Defendant has agreed to provide certain documents in response to Plaintiff's First Request for Production of Documents and Things to Plaintiff on or before July 22. Plaintiff and Defendant have agreed to meet for a settlement conference with a Magistrate Judge on or around [date to be agreed upon subject to Magistrate availability during first or second week of August 2016].

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference with a Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

    D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs reserve the right to amend the Complaint to add additional facts garnered through discovery and to join additional parties as authorized by the Federal Rules of Civil Procedure by December 1, 2016.

2. Defendants reserve the right to add additional parties and revise its response to the Complaint as authorized by the Federal Rules of Civil Procedure by January 15, 2017.

E. Discovery

1. The parties anticipate, if the matter is not resolved at an early settlement conference, that discovery will be needed on the following subjects:

a. The facts and circumstances regarding purchase, receipt, manufacturing, casting, and handling of the Infringed Works.

b. The fact and circumstances related to the originality of Plaintiffs' copyrighted works.

c. The facts and circumstances related to validity of Plaintiffs' copyrighted works.

d. The facts and circumstances related to Defendant's affirmative defenses.

e. Plaintiffs' knowledge of CSMC allegedly infringing activity in 2012.

f. The facts and circumstances regarding the development, supply, distribution, offer for sale, and sale of CSMC's Infringing Products.

g. The facts and circumstances regarding any employees, contractors, or persons hired, consulted with, or communicated with regarding the decision to buy or offer to buy any material ultimately incorporated in CSMC's Infringing Products.

h. The facts and circumstances regarding the employees, contractors, or persons hired, consulted with, or communicated with regarding the decision to sell or offer to sell CSMC's Infringing Products.

        i.       The facts and circumstances regarding CSMC's decision to stop buying ordering products from Harris or to stop selling products received from Harris.

        j.       Any insurance agreements that may satisfy part or all of a judgment (or indemnify or reimburse) that may be entered against CSMC.

        k.       Any copyright claimed by CSMC that may cover CSMC's Infringing Products.

        l.       The facts and circumstances regarding any copyright notice on CSMC's Infringing Products.

2.       All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), has commenced and will be completed (not propounded) within six months (180 days) following completion of an early settlement conference, or by February 6, 2017, whichever is later.

3.       Discovery will be conducted in phases: fact discovery will be finished by January 5, 2017 and expert discovery will be finished by February 27, 2017.

4.       The parties anticipate that Plaintiff will require a total of 4-5 depositions of fact witnesses and that Defendant will require a total of 4-5 depositions of fact witnesses. The depositions will commence by October 3, 2016 and be completed by January 5, 2017.

5.       The parties will not request permission to serve more than 25 interrogatories.

6.       Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 4, 2016. Depositions of any such experts will be completed by February 26, 2017.

7.       Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.

R. Civ. P. 26(a)(2) by December 15, 2016. Depositions of such experts will be completed by February 6, 2017.

8.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 10, 2017.

9.     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, and they anticipate that discovery of Electronically Stored Information ("ESI") will be needed and agree that undersigned counsel will discuss the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties have, at this point, agreed to produce documents in PDF format, with additional metadata to be made available on an ad hoc basis if requested.  The parties will discuss this topic further after the proposed settlement conference. In the meantime, both parties have instructed their clients to preserve electronic data related to this matter.

10.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, potential inadvertent disclosure, and claw-back provisions.  The parties will discuss this topic further after the proposed settlement conference.  The parties otherwise agree to the terms of the existing Standing Protective Order.

   F. Dispositive Motions:

   Dispositive motions will be filed on or before March 6, 2017.

   G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 22, 2017.

## VI.   Trial Readiness

The case will be ready for trial by June 5, 2017.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

PLAINTIFF GEORGE G. HARRIS, A/K/A, GEORGE G. HARRIS' WILDLIFE COLLECTION

By: _Brian E. Spears_____
Brian E. Spears (ct14240)
SPEARS MANNING LLC
2425 Post Road
Southport, CT  06890
Tel. (203) 292-9766
Fax (203) 292-9682
bspears@spearsmanning.com

Michael A. Oropallo (phv08188)
M. Eric Galvez (*pro hac vice application* to be filed)
BARCLAY DAMON LLP
One Park Place
300 South State Street
Syracuse, New York 13202
Tel. (315) 425-2831
Fax (315) 703-7367
moropallo@barclaydamon.com

DEFENDANT CONNECTICUT SHOTGUN MANUFACTURING COMPANY

By: _Jay M. Wolman_____
Jay M. Wolman (ct29129)
RANDAZZA LEGAL GROUP PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel. (702) 420-2001
Fax (305) 437-7662
jmw@randazza.com

Gary Sorden (*pro hac vice* application to be filed)
KLEMCHUK LLP
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, TX 75206
gary.sorden@klemchuk.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Brian E. Spears*
Brian E. Spears (ct14240)
SPEARS MANNING LLC
2425 Post Road
Southport, CT  06890
Tel. (203) 292-9766
Fax (203) 292-9682
Email: bspears@spearsmanning.com