**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GEORGE G. HARRIS, a/k/a, GEORGE G. HARRIS'
WILDLIFE COLLECTION,

                Plaintiff,

      v.

CONNECTICUT SHOTGUN MANUFACTURING
COMPANY,

                Defendant.

C.A. No. 3:16-cv-00548-SRU

MARCH 29, 2018

**OPPOSITION TO PLAINTIFF'S**
**CROSS-MOTION TO VOLUNTARILY DISMISS COUNT III**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC*
   No. 11 Civ. 7268, 2013 WL 6223596 (S.D.N.Y. Dec. 2, 2013)................................................ 6

*Buckhannon Bd. and Home Care v. W. Va. Dep't of Health and Human Serv.*
   532 U.S. 598 (2001).................................................................................................................. 6

*Dattner v. Conagra Foods, Inc.*
   458 F.3d 98 (2d Cir. 2006) ....................................................................................................... 6

*Galasso v. Eisman, Zucker, Klein & Ruttenberg*
   310 F.Supp.2d 569 (S.D.N.Y. 2004) ................................................................................... 4, 5

*IMAF, S.p.A. v. J.C. Penney Co., Inc.*
   810 F.Supp. 96 (S.D.N.Y. 1992) .............................................................................................. 5

*Manti Transp., Inc. v. Associates Commercial Corp.*
   No. 00-CV-6807, 2002 WL 369807 (E.D.N.Y. Mar. 8, 2002)................................................. 4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*
   134 S.Ct. 1749 (2014) ............................................................................................................... 6

*Phillips USA, Inc. v. Allfles USA, Inc.*
   77 F.3d 354 (10th Cir. 1996) .................................................................................................... 4

*Ritchie v. Gano*
   754 F.Supp.2d 605 (S.D.N.Y. 2010) .................................................................................... 6-7

*River Light V, L.P. v. Lin & J Int'l, Inc.*
   No. 13-cv-3669, 2015 WL 3916271 (S.D.N.Y. June 25, 2015).............................................. 6

*Tri-Star Pictures, Inc. v. Unger*
   42 F.Supp.2d 296 (S.D.N.Y. 1999) ......................................................................................... 5

*Viola Sportswear, Inc. v. Mimun*
   574 F.Supp. 619 (E.D.N.Y. 1983) ........................................................................................... 6

*Zagano v. Fordham University*
   900 F.2d 12 (2d Cir. 1990) ....................................................................................................... 3

**Statutes**

15 U.S.C. § 1117.............................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 41 ............................................................................................................................ 3

Fed. R. Civ. P. 54 ............................................................................................................................ 5

## INTRODUCTION

Almost two years after Plaintiff George G. Harris a/k/a George G. Harris' Wildlife Collection ("Harris") filed his Complaint, after all expert and fact discovery was complete, and after Defendant Connecticut Shotgun Manufacturing Company ("CSMC") filed a Motion for Partial Summary Judgment on Harris's Lanham Act claims, Harris now files a half-page Motion seeking to dismiss that Lanham Act count, without prejudice.  In so doing, Harris ignores the standards required for a party to dismiss a count at this late stage.

Courts routinely deny requests for dismissal where they are made only after the other side seeks summary judgment in an effort to avoid an adverse consequence.  This distinction is meaningful here, as the Lanham Act provides that the prevailing party is entitled to costs and, in certain cases, to its attorneys' fees.  For the reasons detailed in its Motion for Partial Summary Judgment, CSMC has established that it is entitled to summary judgment, *i.e.* it is the prevailing party on the Lanham Act claim.  For these reasons, and as detailed further below, CSMC respectfully requests this Court deny Harris's Motion to Voluntarily Dismiss and enter summary judgment on the Lanham Act count in CSMC's favor or, in the alternative, enter an order dismissing Count III with prejudice affirming that CSMC is the prevailing party on that count.

## BACKGROUND

In April of 2016, Harris filed this lawsuit, asserting various counts, including one under the Lanham Act.  (Dkt. No. 1.)  A few months later, Harris withdrew three counts without prejudice, but he proceeded with four counts alleging violations of the Lanham Act, Digital Millenium Copyright Act ("DMCA"), copyright infringement, and willful copyright infringement.  (Dkt. No. 43.)  Fact and expert discovery proceeded for over a year.  (Dkt. No. 65.)

In that time, as detailed in CSMC's Motion for Partial Summary Judgment and supporting Reply, Harris adduced no legally sufficient evidence for his Lanham Act count.  (Dkt. Nos. 98-1 at 8-23; 115 at 6-9.)  Indeed, Harris did not identify any survey expert and adduced no evidence of secondary meaning, distinctiveness or likelihood of consumer confusion.  Rather than build his case on the Lanham Act claim, Harris instead responded to requests directed at the Lanham Act count by referring only to Plaintiff's copyright registrations, documents showing that "CSMC did business with Harris," images of Harris's purported works, and CSMC catalogs. (Dkt. No. 112-1 at ¶¶ 1-3.)[1]  Harris's responses to the Lanham Act-focused interrogatories similarly did not sync up with his burdens of proof.  *Id.* ¶¶ 6-10.  When he served his interrogatory responses at the end of fact discovery, Harris implicitly acknowledged the shortcomings of his case and withdrew one of his various theories of recovery under the Lanham Act – that for deceptive practices.  *See id.* ¶ 5.  Harris nevertheless proceeded with his Lanham Act claim to the extent it was understood to sound in trade dress infringement, false designation of origin and/or unfair competition, misappropriation of the efforts of others, false attribution of authorship, and/or false advertising.

As a result, CSMC worked though the analysis on Harris's Lanham Act claim, at significant expense, to seek summary judgment on that count.  (Dkt. No. 98-1.)  Harris did not interpose a substantive objection to that portion of CSMC's summary judgment motion.  Instead, on the day his opposition was due, Harris filed this Motion, offering to dismiss without prejudice the Lanham Act claim that CSMC established was deficient, but still asserting "that his Lanham Act claims have merit[.]"  (Dkt. Nos. 111; 111-1 at ¶ 7.)

---

[1] Harris provided his document request responses in June of 2017 and his interrogatory responses on July 31, 2017. (Dkt. No. 101 at Exs. 1, 2.)

## ARGUMENT

In his Motion, Harris wholly ignores the standards for seeking dismissal of claims at this stage.  Once a defendant has answered a complaint, a plaintiff may no longer dismiss his suit as a matter of right.  Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper."  Fed. R. Civ. P. 41(a)(2); *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990) ("Voluntary dismissal without prejudice is thus not a matter of right.").  In determining whether to dismiss claims without prejudice pursuant to Rule 41(a)(2), courts consider several factors including "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss."  *Zagano*, 900 F.2d at 14 (listing cases).

Here, all factors weigh heavily against dismissal without prejudice.  CSMC expended significant time, effort, and expense in preparing its summary judgment motion, going step-by-step through Harris's multiple claimed theories of recovery.  (Dkt. Nos. 98-1 at 8-23; 115 at 5-9.)  Harris requested dismissal only after CSMC sought summary judgment, and without offering any opposition, reflecting the absence of diligence.

Similarly, Harris's filing, seeking a dismissal without prejudice and paired with a statement reasserting the alleged merits of the Lanham Act claim, raises the specter of costly re-litigation.  Although the "undue vexatiousness" factor arguably is neutral, Harris has aggressively pursued discovery against CSMC on myriad fronts but essentially ignored his burden of proof as to his Lanham Act count.  *See* Dkt. No. 98-1 at 12-13 (CSMC Mem. in

3

Support of Mot. for Summary Judgment).  Yet, Harris advanced this count through the close of

discovery, forcing CSMC to pin down the parameters of Harris's claim and engage in summary

judgment briefing.  As to the last factor, Harris's explanation for the "need to dismiss" fails to

address the delay in making the request.  Harris provides no explanation as to why he did not

dismiss this count when he dismissed three other counts or even when he withdrew his deceptive

practices theory of recovery.  Indeed, Harris provides no explanation for his request other than

one phrase in his counsel's affidavit indicating that Harris seeks dismissal "to narrow the issues

in this case and to reduce transaction costs."  Even if accurate, this is insufficient to warrant a

dismissal without prejudice.

Indeed, courts have repeatedly noted that "a party should not be permitted to avoid an

adverse decision on a dispositive motion by dismissing a claim without prejudice."  *Phillips*

*USA, Inc. v. Allfles USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (citation omitted); *Manti*

*Transp., Inc. v. Associates Commercial Corp.,* No. 00-CV-6807, 2002 WL 369807, at *4-5

(E.D.N.Y. Mar. 8, 2002) (same).  In *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, the Court

faced a parallel circumstance – a plaintiff who cross-moved for voluntary dismissal without

prejudice only after receiving defendant's motion for summary judgment and having failed to

dispute facts as required by the Local Rules.  310 F.Supp.2d 569, 571 (S.D.N.Y. 2004).  There,

the court "conclude[d] that the dismissal without prejudice sought by plaintiff is entirely

unwarranted" as the defendant expended considerable time, money, and effort litigating the

action.  *Id.* at 572 (granting defendant's motion for summary judgment).  There, as here,

discovery had concluded "and defendant has brought on a motion for summary judgment to

which plaintiff has made a patently inadequate response. . . . It is quite clear that plaintiff's

motive in bringing on this belated motion is to avoid an adverse decision that will forever bind

4

him." *Id.* at 573 (declining to allow party to avoid adverse decision on dispositive motion by dismissing a claim without prejudice) (listing cases). As CSMC explained in its Reply in Support of Partial Summary Judgment, there are no disputed material facts on the Lanham Act count, and CSMC is entitled to summary judgment. (Dkt. No. 115 at 6-9.)[2] Harris should not be permitted to sidestep an adverse ruling by seeking dismissal of that claim, without prejudice.

This distinction is particularly meaningful here, not only because CSMC should not face the threat of further litigation on a claim for which Harris failed to meet his burden of proof, but also because the Lanham Act provides for costs and, in certain circumstances, attorneys' fees to a prevailing party. As a prevailing party, CSMC would be entitled to recover its related costs. *Tri-Star Pictures, Inc. v. Unger*, 42 F.Supp.2d 296, 306 (S.D.N.Y. 1999) ("The Lanham Act also provides for the award of costs in all cases."); *see also* Fed. R. Civ. P. 54(d)(1) (providing court costs to prevailing parties "[u]nless a federal statute, these rules, or a court order provides otherwise.") Further, in "exceptional cases," a court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).

Because CSMC has established that it is entitled to summary judgment, Harris should not avoid that outcome by belatedly voluntarily dismissing claims without prejudice. Indeed, the Second Circuit has interpreted "exceptional cases" under the Lanham Act to include those where a plaintiff failed to identify any supporting evidence for consumer confusion. *See, e.g., IMAF, S.p.A. v. J.C. Penney Co., Inc.*, 810 F.Supp. 96, 100 (S.D.N.Y. 1992) ("Knowing that there was no other evidence that could be used to establish consumer confusion [such as a survey], there is no possible way that [plaintiff] reasonably could have expected to succeed on a Lanham Act

---

[2] CSMC incorporates by reference its Motion for Partial Summary Judgment and supporting Reply. (Dkt. Nos. 98, 115.)

claim based on section 43(a).  It is in part this absolute failure to make a sincere attempt validly

to establish an essential element of a section 43(a) claim that raises a question as to [plaintiff's]

good faith."); *see also Viola Sportswear, Inc. v. Mimun*, 574 F.Supp. 619, 620-21 (E.D.N.Y.

1983) (in case where plaintiff failed to oppose summary judgment finding "exceptional

circumstances . . . must surely be construed to encompass a case such as this which was without

merit.").  More recently, following a recent Supreme Court decision, courts in this Circuit have

noted the bar for determining an "exceptional case" under the Lanham Act now may be lower –

"simply one that stands out from others with respect to the substantive strength of a party's

litigating position[.]"  *See, e.g., River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13-cv-3669, 2015

WL 3916271, at *10 (S.D.N.Y. June 25, 2015) (quoting *Octane Fitness, LLC v. ICON Health &

Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014)) (noting that *Octane* "offers guidance").

  Put simply, whether CSMC chooses to seek prevailing party relief, Harris has not

established his entitlement to dismissal without prejudice; on the other hand, CSMC has, at its

expense and effort, established it is entitled to summary judgment on this count.  Accordingly,

CSMC requests the Court deny Harris's request and grant summary judgment in CSMC's favor

on Count III.  Alternatively, CSMC requests this Court deny Harris's request to dismiss without

prejudice and instead grant dismissal with prejudice, affirming that CSMC is the prevailing

party.  *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, No. 11 Civ. 7268, 2013 WL

6223596, at *1-2 (S.D.N.Y. Dec. 2, 2013) (detailing based on Second Circuit and Supreme Court

precedent that for a party to be "prevailing," there "must be a 'judicially sanctioned change in the

legal relationship of the parties.'") (citing *Buckhannon Bd. and Home Care v. W. Va. Dep't of

Health and Human Serv.*, 532 U.S. 598, 605 (2001); *Dattner v. Conagra Foods, Inc.*, 458 F.3d

98, 101 (2d Cir. 2006)); *see also Ritchie v. Gano*, 754 F.Supp.2d 605, 609 (S.D.N.Y. 2010)

6

(finding defendant "prevailing party" under the Lanham Act as he "achieved a voluntary

dismissal with prejudice") (citation omitted).

CONNECTICUT SHOTGUN
MANUFACTURING COMPANY

By its Attorneys,


*/s/ Rebecca F. Briggs*
Christine K. Bush (ct29970)
Rebecca F. Briggs (ct30394)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI  02903
(401) 274-2000
cbush@hinckleyallen.com
rbriggs@hinckleyallen.com

Date: March 29, 2018




## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system on the 29th day of March, 2018, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Rebecca F. Briggs*
